# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| MICHAEL SNEED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NUMBER: _____ |
| | ) |
| PHILLIP CONNELL; JAMMIE COOK; | ) |
| ERLISH LOCKLEAR | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW, Michael Sneed, Plaintiff in the above-styled action and files this his Complaint against Defendants Phillip Connell, Jammie Cook, and Erlish Locklear, showing as follows:

### I. PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a natural person and a resident of Berrien County, Georgia.

2. Defendant Phillip Connell is a natural person and a resident of Lanier County, Georgia.

3. Defendant Jammie Cook is a natural person and a resident of Lanier County, Georgia.

4. Defendant Erlish Locklear is a natural person and a resident of Lanier County, Georgia.

5. Plaintiff's claims arise under the Constitution and laws of the United States. This Court has jurisdiction over these claims under 28 U.S.C. §1331, 1343(a)(3).

6. The federal rights asserted Plaintiff are enforceable under 42 U.S.C. § 1983, Georgia law, and all laws supplementary and amendatory thereto.

7. This Court has supplemental jurisdiction over Plaintiff's second, third, and fourth claims,

which are based on state law, under 28 U.S.C. § 1367.

8. Venue is proper in the Middle District of Georgia under 28 U.S.C. § 1391(e). Defendants Phillip Connell, Jammie Cook, and Erlish Locklear, as well as Plaintiff, reside in this judicial district. All of the events and omissions by Defendants giving rise to this action occurred in this judicial district.

9. Jurisdiction and venue are proper in this honorable Court.

## II. FACTUAL ALLEGATIONS

10. Plaintiff reasserts and re-alleges each of the paragraphs 1 through 9, as if set forth in full.

11. Mr. Sneed was the well-respected and beloved head baseball coach of Lanier County High School.

12. Mr. Sneed has worked in education and coaching for his entire career.

13. Mr. Sneed was dedicated not only to his individual players on the baseball team, but the team as a whole. He invested time, energy, passion, and love into building and coaching the most successful team he could.

14. Plaintiff, as head baseball coach during the 2020-2021 school year, gave player Jaxson Cook the day off from the team but told him he would be back in the lineup for their game that Friday.

15. Jaxson was offended by this temporary rest and decided to quit the team.

16. As a result, Jaxson's father, Jammie Cook, took issue with this benching and sought to retaliate against Mr. Sneed by using his power and authority as a member of the Lanier County Board of Education.

17. Defendant Jammie Cook collaborated with fellow Defendants and Lanier County Board of Education members, Erlish Locklear and Phillip Connell, to retaliate against Mr. Sneed.

18. The Defendants, who constituted a majority on the Lanier County Board of Education, voted to terminate Mr. Sneed from his position as head coach of the baseball team for no reason but to harm and punish Mr. Sneed for giving Jaxson the day off from a game.

19. Defendants fabricated stories damaging Mr. Sneed's character and reputation to justify this vindictive termination.

20. Numerous parents, students, and players passionately protested this termination.

21. Due to this backlash, Mr. Sneed was reinstated as a teacher and offered a position only as assistant coach of the baseball and softball teams. With no other options, Mr. Sneed accepted this position but continued running the baseball program as if it was his own. No player, student, or parent had an issue with him continuing to act as the *de facto* head coach.

22. This *de facto* coaching position was permitted because the Cook family were planning to enroll their freshman twins to Berrien County High School where their personal vendetta against Mr. Sneed would no longer be relevant.

23. The Cook family was ultimately unsuccessful in enrolling their twins in Berrien County High School and they entered Lanier County High School in August of 2021.

24. With the Cooks returning and their vendetta against Mr. Sneed still alive, the Athletic Director of Lanier County High School informed Mr. Sneed that he could not coach the baseball team or baseball players in any capacity, including as a private coach or a volunteer.

25. As a result of the actions of the Lanier Board of Education, Mr. Sneed has suffered pecuniary injury as well as serious injury to his character and reputation which has resulted in mental pain and suffering.

## III.  CAUSES OF ACTION

### COUNT I
*42 U.S.C. § 1983 - Against All Defendants*

26. Plaintiff reasserts and re-alleges each of the paragraphs 1 through 25, as if set forth in full.

27. Public officers in Georgia may be sued in their individual capacities for official acts that are alleged to be unconstitutional.

28. Defendants at all times relevant to this action were acting under color of state law.

29. Plaintiff had a property interest in his employment as Lanier County High School head baseball coach.

30. Plaintiff's employment was subject to O.C.G.A. § 20-2-940 providing grounds and procedure for terminating or suspending contract of employment of school personnel and officials.

31. Defendants failed to adhere to O.C.G.A. § 20-2-940 and thus deprived Plaintiff of this property interest without the procedural due process that was owed.

32. Defendants' violation of Plaintiff's due process rights is the actual and proximate cause of the injuries and damages to the Plaintiff.

### COUNT II
*Wrongful Termination - Against All Defendants*

33. Plaintiff reasserts and re-alleges each of the paragraphs 1 through 32, as if set forth in full.

34. The termination of Plaintiff constitutes a ministerial act performed by Defendants in their individual capacities.

35. Defendants in their individual capacities performed these acts maliciously and with intent to injure.

36. Defendants in their individual capacities had a deliberate intent to do wrong and to cause the

harm suffered by the Plaintiff.

37. As such, Defendants are not protected by qualified immunity.

38. Plaintiff's employment was protected under O.C.G.A. § 20-2-940 providing grounds and procedure for terminating or suspending contract of employment of school personnel and officials.

39. Defendants failed to adhere to O.C.G.A. § 20-2-940 and terminated Plaintiff Mike Sneed without adequate grounds and without adequate procedure.

40. The malice of Defendants in their individual capacities was the actual and proximate cause of the injuries and damages to the Plaintiff.

## COUNT IV
*Violation of O.C.G.A. § 20-2-63 - Against All Defendants*

41. Plaintiff reasserts and re-alleges each of the paragraphs 1 through 40, as if set forth in full.

42. Defendant in his individual capacity terminated Plaintiff for temporarily removing Jaxson Cook from the team lineup.

43. Jaxson Cook is an immediate family member of Defendant Jammie Cook.

44. Defendant Jammie Cook colluded with the remaining Defendants to terminate Plaintiff Mike Sneed.

45. Defendant in his individual capacity used his position to secure unwarranted privileges and advantages for an immediate family member.

## IV.  INJURIES AND DAMAGES

46. The Plaintiff reasserts and re-alleges each of the paragraphs 1 through 45, as if set forth in full.

47. As a result of the Defendants' wrongful acts, the Plaintiff has suffered sever injury to his character and reputation as a result of the Defendants' actions.

48. The Plaintiff has incurred lost wages as the result of the Defendants' actions.

49. The Plaintiff has suffered from mental pain and suffering as a result of the Defendants' actions.

50. The Plaintiff's injuries and damages were proximately caused by the Defendants' actions.

**WHEREFORE,** the Plaintiff prays for the following relief:

(A) That Summons and Process be issued and served upon the Defendants;

(B) For a trial by a jury comprised of twelve persons;

(C) That the Plaintiff be awarded an appropriate sum to compensate him for his injuries and damages;

(D) That Plaintiff be awarded reasonable attorney's fees and litigation expenses under O.C.G.A. § 13-6-11; and

(D) That the Plaintiff recover such other and further relief as this honorable Court deems just and proper.

This 15th day of October, 2021.

/s/Brent J. Savage
Brent J. Savage
Attorney for the Plaintiff
Georgia Bar Number 627450

SAVAGE, TURNER,,
PINCKNEY, and SAVAGE
102 Liberty St.
Floor 8
Savannah, Georgia 31401
(912) 231-1140

                                                  */s/Sam D. Dennis*  
                                                  Sam D. Dennis  
                                                  Attorney for the Plaintiff  
                                                  Georgia Bar Number 218315

SAM DENNIS LAW  
1107 N. Patterson St.  
Valdosta, GA 31601  
(229) 244-4428