IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

MICHAEL SNEED,                       :
    Plaintiff,                    :
                                     :
v.                                   :   CASE NO.: 7:21-cv-00132 (WLS)
                                     :
PHILLIP CONNELL, et al.,             :
                                     :
    Defendants.                   :

**ORDER**

Before the Court is Defendants' Motion to Dismiss for a Failure to State a Claim. (Docs. 10; 10-1) and Plaintiff's Motion for a Hearing on Defendants' Motion to Dismiss (Doc. 16). In their Motion to Dismiss, Defendants move the Court to dismiss Plaintiff Sneed's Amended Complaint (Doc. 7) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. And in his Motion for a Hearing, Plaintiff requests the Court to hold a hearing on Defendant's Motion to Dismiss the Amended Complaint.

**SUMMARY OF FACTS AND PROCEDURAL HISTORY**

Per Plaintiff's Amended Complaint, Plaintiff Sneed is a teacher at Lanier County High School, who was also once the school's "well-respected and beloved head baseball coach." (Doc. 7, at 2, ¶11). He has "worked in education and coaching for his entire career." (*Id.* at 2, ¶13). Plaintiff was the head baseball coach during the 2020–21 school year, and he had a contract for eleven months for that position and had received a supplement of about $10,000 per year in addition to his annual compensation for being a head coach. (*Id.* at 2, ¶¶12, 15). He invested "time, energy, passion, and love" to coaching his baseball team. (*Id.* at 2, ¶14).

1

During the 2020–21 school year, Plaintiff gave a player named Jaxson Cook "the day off the team." (*Id.*) Despite being told that he will be back in the game later that week, this decision upset Jaxson Cook, and he ended up quitting the baseball team. (*Id.* at 2, ¶16). This resulted in Jammie Cook, Jaxson's father, to use his "power and authority as a member of the Lanier County Board of Education" to "retaliate" against Plaintiff. (*Id.* at 2–3, ¶17).

Jammie Cook and other Lanier County Board of Education members, Erlish Locklear and Phillip Connell, retaliated against Plaintiff by fabricating stories about Plaintiff's character and spreading false rumors that Plaintiff used racial epithets or had inappropriate romantic or sexual relationships with minors. (*Id.* at 3, ¶¶18, 20). These rumors fabricated by Defendants "vilified" Plaintiff, but several players supported Plaintiff and disputed these rumors. (*Id.* at 3, ¶¶22, 23; Docs. 7-1; 7-2; 7-3). Defendants Cook, Locklear, and Connell, who constituted a majority on the Board of Education, eventually decided to terminate Plaintiff as the head coach of the baseball team for "no reason but to harm and punish" Plaintiff for giving Jaxson the day off. (*Id.* at 3, ¶19). "Numerous parents, students, and players passionately protested" Plaintiff's termination of being the head coach. (*Id.* at 3, ¶24).

This "backlash" led the Board of Education to vote on coaching contracts for the upcoming school year on April 26, 2021, and the Board voted to allow Plaintiff to remain as the head coach of the baseball team for the 2021–22 school year. (*Id.* at 3–4, ¶25). Plaintiff also chose to stay at Lanier County High School because he was "told he would be able to continue" to coach the players, and this expectation was affirmed by his Principal Raeda Hamm, who sent him a text message that same day, which stated Plaintiff has a "great deal of support in [the] community . . . ." (*Id.* at 4, ¶29; Doc. 7-4).

But about a week later, Defendants Cook, Locklear, and Connell "realized they had mistakenly voted to keep" Plaintiff, so they called an emergency meeting and "used their majority to reverse their previous vote and refuse[d] to keep" Plaintiff as head coach and "merely offered" an assistant coaching position. (Doc. 7, at 4, ¶¶26, 27). Plaintiff accepted the assistant position because of his "passion for coaching," but he still ran the baseball program "as if it was his own throughout the summer of 2021," and no player, student, or parent had a problem with him acting as the *de facto* head coach. (*Id.* at 4, ¶28).

Plaintiff asserts that Defendants allowed Plaintiff to act in this *de facto* coaching position because Jammie Cook was planning to enroll his freshman twins at a different high school. (*Id.* at 4, ¶30). But the twins ultimately ended up enrolling at Lanier County High School in August 2021, and Cook's "vendetta against [Plaintiff was] still alive"; at the start of the 2021 school year, the Athletic Director of Lanier County High School informed Plaintiff that Plaintiff was banned from coaching or interacting with the baseball team or players in "any capacity." (*Id.* at 4–5, ¶¶31, 32). Due to these issues, Plaintiff asserts that he now suffers pecuniary injury as well as serious injury to his character and reputation, which has also resulted in mental pain and suffering." (*Id.* at 5, ¶33).

In October 2021, Plaintiff submitted its Complaint (Doc. 1), and Defendants submitted their 12(b)(6) Motion to Dismiss for Failure to State a Claim (Doc. 6). Then, Plaintiff exercised his right to file an Amended Complaint (Doc. 7) within 21 days since Defendants served their first Rule 12 response, which rendered Defendant's 12(b)(6) Motion moot. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219–20 (11th Cir. 2007); *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1345 (11 Cir. 1999). Plaintiff's Amended Complaint was filed on December 10, 2021 (Doc. 7), wherein Plaintiff alleges a violation of his due process rights pursuant to 42

3

U.S.C. § 1983 claim as well as other state law violations. (Doc. 7, at 5–8). Defendants timely filed their 12(b)(6) Motion (Doc. 10), requesting that the Court dismiss Plaintiff's Amended Complaint in its entirety.

## LEGAL STANDARD AND DISCUSSION

When ruling on a 12(b)(6) motion, the reviewing court accepts the facts set forth in the complaint as true and construes the complaint in light most favorable to the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007). When reviewing a Rule 12(b)(6) Motion to Dismiss, a district court's review is limited to the four corners of the complaint and other documents attached as exhibits or incorporated by reference in the complaint upon which a plaintiff's complaint necessarily relies. *Boyd v. Peet*, 249 F. App'x 155, 157 (11th Cir. 2007).

A complaint survives a 12(b)(6) motion only if a plaintiff alleges sufficient factual matter to state a claim for relief that is plausible on its face. Plaintiff must state more than "unadorned, the-defendant-unlawfully-harmed-me accusations." *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018). As in, the complaint must contain "more than labels and conclusions or a formulaic recitation of the elements of a cause of action," and its factual allegations must be "enough to raise a right to relief about the speculative level." *Twombly*, 550 U.S. at 555. In assessing a motion to dismiss for failure to state a claim, the Court uses a two-step analysis. *McCullough*, 907 F.3d at 1333. First, the Court disregards allegations that are "no more than mere conclusions" because "conclusory allegations are not entitled to the assumption of truth." *Id.* Second, the Court "assume[s] any remaining factual allegations are true and determine[s] whether those factual allegations 'plausibly give rise to an entitlement to relief.'" *Id.*; *Iqbal*, 556 U.S. at 679.

4

Under 42 U.S.C. § 1983, a plaintiff must "allege the violation of a right secured by the Constitution and laws of the United States" and must show that the alleged deprivation was committed by a person actuating under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The language of § 1983 does not create substantive rights; rather, it provides remedies for deprivation of rights established elsewhere. *Okla. City v. Tuttle*, 471 U.S. 808, 816 (1985). So, a plaintiff must have a legitimate claim of entitlement or property interest created by a state statute or rules that stem from an independent source. *LaFleur v. Hugine*, 587 F. App'x. 536, 541 (11th Cir. 2014). A plaintiff must also show that the "state refused to provide a process sufficient to remedy the procedural deprivation." *Cotton v. Jackson*, 216 F.3d 1328, 1330–31 (11th Cir. 2000). Important to note, violations of procedural due process "do not become complete unless and until the state refuses to provide due process," and the employee has sought "appropriate, available state remedial procedures" to obtain a hearing before bringing a § 1983 claim in federal court. *McKinney v. Pate*, 20 F.3d 1550, 1562 (11th Cir. 1994).

Georgia law creates a property interest in the continued employment for tenured teachers and restricts their termination or demotion by providing procedural protections. *Hatcher v. Bd. Of Public Edu. and Orphanage for Bibb Cnty.*, 809 F.2d 1546, 1550 (11th Cir. 1987); O.C.G.A. § 20-2-942(b)(2). A tenured teacher is one who accepts a school year contract for the fourth consecutive year from the same local board of education. O.C.G.A. § 20-2-940(b)(1); *Brewer v. Purvis*, 816 F.Supp. 1560, 1572 (M.D. Ga. Mar. 10, 1993). For instance, a tenured teacher could be dismissed only for good cause, such as incompetency or willful neglect of duties. O.C.G.A. § 20-2-940(a); *Hatcher v. Bd. of Public Edu. And Orphanage for Bibb Cnty*, 809 F.2d 1546, 1550 (11th Cir. 1987). Although this may be true for teaching positions, this is not the case for supplemental coaching positions.

5

## DISCUSSION

Here, Plaintiff fails to state a claim under 42 U.S.C. § 1983 because Plaintiff does not have a legally cognizable right or a constitutional right to keep his supplemental position of being a head baseball coach. *See Sadiq v. Weller*, 610 F. App'x 964, 964 (11 Cir. 2015) ("Absent the existence of an underlying constitutional right, no § 1983 claim will lie."); *Brewer v. Purvis*, 816 F.Supp. 1560, 1572 (M.D. Ga. Mar. 10, 1993) ("[T]eachers do not acquire tenure in coaching positions.") Previously, this Court has already held in *Brewer v. Purvis* that teachers do not acquire tenure or property interest in coaching positions. *Brewer v. Purvis*, 816 F.Supp. 1560, 1572 (M.D. Ga. 1993). The Georgia State Board of Education has also held that teaching contracts do not include supplemental duty positions, and numerous other state and federal courts nationwide have held that teachers do not acquire tenure in coaching positions. *Id.* In reaching the decision, the Court also looked to the Georgia Code to determine if teacher in *Purvis* had tenure in a head coach position. *Id.*

Section 20-2-940(a) refers to a teacher with a "contract for employment." Section 20-2-942(a)(3), which concerns nonrenewal or demotion of teachers, defines "school year contract" as "a contract of full-time employment between a teacher and a local board of education." Section 20-2-940(b) provides procedural protections or guidelines that must be followed when demotions or nonrenewal of contracts of tenured teachers occur. Section § 20-2-942(c) refers to non-tenured teachers, school administrators, or positions that do not acquire tenure, which states that those positions "shall not acquire any rights under this Code section to continued employment with respect to any position of school administrator." Further, O.C.G.A. § 20-2-942(c)(3) provides that the Code does not affect positions that had "no right

6

to continued employment," including "coach, athletic director, finance officer, nurse," and other "similar positions."

Here, Plaintiff has "worked in education and coaching for his entire career." (Doc. 7, at 2, ¶13). The Amended Complaint does not say how long Plaintiff has worked as a teacher or as a coach for the Lanier County High School, but even if Plaintiff had a tenured teacher position, that does not mean he also acquired tenure or property right in his coaching position. *See* O.C.G.A. § 20-2-942.

Indeed, in holding teachers have no property interest in coaching positions, this Court in *Purvis* also mentioned that there was no evidence that the teacher in that case had a contract with a definite term for his coaching position. *Purvis*, 816 F.Supp at 1572. But that was not the determining or driving factor in finding that the teacher in *Purvis* did not have property right in his coaching position. It was just one of the reasons that led the Court to conclude that there is no property right to supplemental coaching roles. Ultimately, the Court relied on the Georgia Code, the findings of the Georgia State Board of Education and other state and federal courts to hold that teachers do not acquire property interest in coaching roles. *Id.* at 1572–73.

Similarly, here, the fact that Plaintiff had an eleven-month contract to be the head coach of the Lanier County High School baseball team for the 2020–21 year does not mean that he acquired a tenure or property interest in a coaching position. In his Amended Complaint (Doc. 7), Plaintiff contends that he had a contract to be the head coach of the baseball team with a definite term and "substantial compensation," so he had a property interest in his coaching position. (Doc. 7, at 5, ¶¶ 37, 38). He further argues that his coaching position was subject to O.C.G.A. § 20-2-940, which provided procedural and grounds for

7

terminating contract of employment, and Defendants "improperly terminated" his contract with definite term. (*Id.* at ¶¶39, 40). But Plaintiff's Amended Complaint does not make it clear if Plaintiff lost his coaching position during the 2020–21 school year when his coaching contract was still active; the Amended Complaint states that Plaintiff was informed "at the start of the 2021 school year" that he could not coach the baseball team or interact with the baseball players. (*Id.* at 4–5, ¶32). Moreover, based on the face of the Amended Complaint, it appears that Plaintiff completed his coaching duties for the 2020–21 school year, and the Board just decided not to renew his coaching position for the new, upcoming 2021–22 school year when Defendants re-voted on Plaintiff's 2021–22 coaching contract, and instead, offered Plaintiff a position of an "assistant coach." (*Id.* at 4, ¶¶ 26, 27). Plaintiff, on his own accord, chose to continue to "act as the *de facto* head coach" because of his "passion for coaching mentoring his players" (*Id.* at 4, ¶28). So, based on the Amended Complaint, it appears that Plaintiff did not have a formal contract to be the 2021–22 head baseball coach. But even if there was still a head baseball coach contract for the 2021–22 school year, the Court finds that there is no right to continued employment or renewal of the supplemental coaching position based on O.C.G.A. § 20-2-942.

Even assuming arguendo that Plaintiff has property interest in his coaching position, Plaintiff must first seek appropriate, available state remedy or procedure before bringing a § 1983 claim in federal court. *McKinney*, 20 F.3d at 1562. Plaintiff's Amended Complaint does not indicate that Plaintiff sought remedies or other review by the appropriate state agency after being told that "he was prohibited from coaching or interacting with the baseball team or baseball players in any capacity," or that he was denied such review. (Doc. 7, at 5, ¶32). But the Court need not further elaborate on the issue of Plaintiff not seeking state remedies

8

because Plaintiff's allegation of facts, on the face of his complaint, fail to state a plausible claim under 42 U.S.C. § 1983. Put another way, this does not command further on Plaintiff's claims.

Section 1983 was Plaintiff's only federal claim, which the Court has dismissed. Thus, the Court declines to exercise supplemental jurisdiction over the rest of Plaintiff's claims, which are state law claims, and dismisses said claims without prejudice. 28 U.S.C. § 1367(c)(3). As a result, and upon full consideration of the Parties' briefs, the Court finds that holding a hearing on Defendant's Motion to Dismiss Plaintiff's Amended Complaint is unnecessary, and thus, **DENIED as moot.**

## **CONCLUSION**

For reasons stated above, Defendants' Motion to Dismiss (Doc. 10) is **GRANTED** as to Plaintiff's § 1983 claim. Plaintiff's Amended Complaint (Doc. 7) is **DISMISSED.** Plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE**, and Defendant's initial Motion to Dismiss (Doc. 6) is **DENIED as MOOT.** Accordingly, Plaintiff's Motion for a Hearing on Defendant's Motion to Dismiss (Doc. 16) is also **DENIED as MOOT.**

**SO ORDERED**, this 22nd day of September 2022.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**